## EXETER BANK *vs.* GILMAN, Plaintiff in review.

By the statute of December 29, 1832, a writ of review, in an action wherein judgment has been rendered in the superior court, must issue from, and be made returnable in, the court of common pleas.

REVIEW of an action of assumpsit, in which judgment was rendered in this court.

The writ of review was sued out from the office of the clerk of this court, returnable in the common pleas, where it was entered. The defendants in review moved the court to quash the writ, because it was not issued or sued out of the court to which it was made returnable, and was not under the seal of the court, nor signed by the clerk thereof. And for the consideration of said motion, the action was transferred to this court.

*Farrar* and *Tilton*, in support of the motion, contended that this writ was not issued from the right tribunal—that it was necessarily incident to original jurisdiction to issue the writ—that it was evident, from the statutes prescribing the forms of process, that such was the intent of the legislature—that this principle was not only recognized by the whole course of legislation, but was established by the constitution itself. By the constitution writs are required to bear test of a justice of the court whence they issue, and to which they are returnable—to be under the seal of the court, and be signed by the clerk of such court.

They cited and commented on, 1 *N. H. Rep.* 139, *Hutchins* vs. *Edson*; 2 *N. H. Rep.* 227, *Society, &c.* vs. *Whitcomb*; 4 *N. H. R.* 386, *Clindenen* vs. *Allen*; 6 *N. H. R.* 44, *Dearborn* vs. *Twist*; *Prov. Laws* 115; 14 *Pick.* 215, *McGee* vs. *Barber.*

*Bartlett,* contra.

PARKER, J. We are all of the opinion that this exception is fatal. The statue of Dec. 29, 1832, sec. 14, after providing that actions on which judgment has been rendered, and in which any issue of fact has been joined, may be reviewed in the manner and under the limitations prescribed by law, enacts that all writs of review upon any such judgment, shall be made returnable in the courts of common pleas in the county where the judgment was rendered, &c. Prior to this time reviews were commenced in the court where the final judgment was rendered. But this act made no provision for summoning a jury to attend in the superior court, all issues of fact being, by the act, to be tried in the common pleas ; and provision was, therefore, made for bringing all actions of review in that court, without reference to the court in which the judgment was rendered. For the same reason the next section provided that all writs of *scire facias* against bail and indorsers, founded upon any judgment and record of the superior court of judicature, may be brought, instituted and proceeded upon, in the courts of common pleas, in like manner as similar writs founded on judgments and records of the court of common pleas. And the court in which the action is brought or instituted, or in which it is made returnable, should issue the writ. If after the trial it becomes necessary, any action may be transferred to this court. There is nothing, however, in the nature of an ordinary judgment on review to prevent such judgment from being rendered in the common pleas, although the original judgment was in this court.

*Writ quashed.*